**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv316**

| | |
|---|---|
| REGIONS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| ARTHUR SECOR; DANITA-DYANN ) | |
| SECOR; JAMES BARNES; and ) | |
| JUDITH SECOR, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Dismiss Counterclaims and Strike Affirmative Defenses (#18). After such motion was filed, defendants filed their First Amended Answer and Counterclaims (#24). By amendment, the Motion to Dismiss is moot as a matter of law. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ...is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint···· Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ··· became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442,

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

1444 n. 1 (N.D.Ga.1984) (same). The motion will be denied without prejudice as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Dismiss Counterclaims and Strike Affirmative Defenses (#18) is **DENIED** without prejudice as moot.

Signed: May 24, 2011

Max O. Cogburn Jr.
United States District Judge